1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AARON STRIBLING,                          No.  2:16-cv-0399-MCE-EFB P

12              Plaintiff,

13        v.                                   ORDER GRANTING IFP AND SCREENING
                                               COMPLAINT PURSUANT TO 28 U.S.C. §
14   C. TOBIAS, et al.,                        1915A

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C.

18   § 1983, has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 and a

19   request for appointment of counsel.

20   **I.    Request to Proceed In Forma Pauperis**

21        Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

22   Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

23   and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

24   § 1915(b)(1) and (2).[1]

25   /////

26   /////

27   _____

28        [1] Accordingly, the April 13, 2016 findings and recommendations to dismiss this action for
     failure to pay the filing fee or to seek leave to proceed in forma pauperis are vacated.

                                                   1

1    **II.    Request for Appointment of Counsel**

2         Plaintiff requests the appointment of counsel.  District courts lack authority to require

3    counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist.*

4    *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

5    to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

6    F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7    When determining whether "exceptional circumstances" exist, the court must consider the

8    likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

9    se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

10   (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

11   circumstances in this case.

12   **III.   Screening Requirement and Standards**

13        Federal courts must engage in a preliminary screening of cases in which prisoners seek

14   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

15   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

16   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

17   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

18   relief."  *Id.* § 1915A(b).

19        A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

20   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

21   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

22   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

23   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

24   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

25   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

26   U.S. 662, 679 (2009).

27   /////

28   /////

2

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.    Screening Order**

Liberally construed, plaintiff's complaint (ECF No. 1) alleges (1) that on or around December 2, 2014, defendants Tobias, Hougland, and Todd falsely accused and/or found plaintiff guilty of indecent exposure in violation of plaintiff's right to due process, (2) that on December 23, 2014, defendant Guffee used excessive force in violation of the Eighth Amendment, and (3) that on February 2, 2015, defendants Blessing and DeFazio used excessive force in violation of the Eighth Amendment.  Under the applicable standards discussed below, these allegations are either not sufficient to state a proper claim for relief or are improperly joined.  To proceed, plaintiff must file an amended complaint.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).   An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

1  (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable

2  for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679

3  (2009).

4        To state a claim for violation of the right to procedural due process, plaintiff must allege

5  facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and

6  (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir.

7  2003).  In the context of a disciplinary proceeding where a liberty interest is at stake, due process

8  requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S.

9  445, 455 (1985).  The inmate must also receive: "(1) advance written notice of the disciplinary

10  charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

11  call witnesses and present documentary evidence in his defense; and (3) a written statement by

12  the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454

13  (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).  The complaint fails to state a due

14  process claim because the allegations do not show that plaintiff was deprived of any

15  constitutionally guaranteed procedural protections in connection with the rules violation report

16  accusing plaintiff of indecent exposure.

17        Plaintiff also alleges unrelated instances of excessive force by defendants Guffee,

18  DeFazio, and Blessing.  Those claims are not sufficiently related to the due process claims

19  asserted in this action, as they involve discrete events that do not arise out the same occurrence

20  *and* involve a common question of law or fact.[2]  *See* Fed. R. Civ. P. 20(a)(2).  Plaintiff is granted

21  leave to amend his claims against defendants Guffee, DeFazio, and Blessing only if he can cure

22        [2] A plaintiff may properly assert multiple claims against a single defendant.  Fed. Rule
23  Civ. P. 18.  In addition, a plaintiff may join multiple defendants in one action where "any right to
relief is asserted against them jointly, severally, or in the alternative with respect to or arising out
24  of the same transaction, occurrence, or series of transactions and occurrences" and "any question
of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).
25  Unrelated claims against different defendants must be pursued in separate lawsuits. *See George*
26  *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  This rule is intended "not only to prevent the sort of
morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
27  pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of
frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28
28  U.S.C. § 1915(g)." *Id.*

4

1  these defects.  Otherwise, plaintiff must pursue his claims against these defendants in a separate

2  action.

3        For these reasons, the complaint is dismissed with leave to amend.  Plaintiff will be

4  granted leave to file an amended complaint, if he can allege a cognizable legal theory against a

5  proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*,

6  203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*) (district courts must afford pro se litigants an

7  opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to

8  file an amended complaint, the amended complaint shall clearly set forth the claims and

9  allegations against each defendant.  Any amended complaint must cure the deficiencies identified

10 above and also adhere to the following requirements:

11       Any amended complaint must identify as a defendant only persons who personally

12 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*

13 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

14 constitutional right if he does an act, participates in another's act or omits to perform an act he is

15 legally required to do that causes the alleged deprivation).

16       It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

17       Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *George*

18 *v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

19       Any amended complaint must be written or typed so that it so that it is complete in itself

20 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

21 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

22 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

23 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

24 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

25 1967)).

26       The court cautions plaintiff that failure to comply with the Federal Rules of Civil

27 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

28 *See* E.D. Cal. Local Rule 110.

**V.    Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  The April 13, 2016 findings and recommendations (ECF No. 8) are vacated.

4.  Plaintiff's request for the appointment of counsel (ECF No. 3) is denied.

5.  The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure state a claim and/or failure to prosecute.

Dated:  June 15, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE